IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-91-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>JOSHUA FITZGERALD REID )<br>)<br>Defendant. ) | **ORDER** |

On October 14, 2020, Joshua Fitzgerald Reid ("Reid" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 65]. On February 26, 2021, Reid submitted a letter regarding appointment of counsel for his motion for compassionate release [D.E. 68]. On May 24, 2021, Reid, through counsel, filed a memorandum in support [D.E. 69]. On June 7, 2021, the government responded in opposition [D.E. 73]. As explained below, the court denies Reid's motion.

I.

On August 19, 2019, pursuant to a waiver of indictment and written plea agreement, Reid pleaded guilty to possession with intent to distribute a quantity of cocaine and marijuana and possession of a firearm by a felon. See [D.E. 32, 34, 36, 37]. On December 2, 2019, the court held Reid's sentencing hearing and, after overruling Reid's objection to the Presentence Investigation Report ("PSR"), adopted the facts set forth in the PSR. See [D.E. 49, 51]; Sent. Tr. [D.E. 61] 4–8; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Reid's total offense level to be 27, his criminal history category to be IV, and his advisory guideline range to be 100 to 120 months'

imprisonment. The court also recognized that the sentence for possession of a firearm by a felon was capped at 120 months. See Sent. Tr. at 8. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Reid to 102 months' imprisonment on each count to run concurrently. See id. at 16–20; [D.E. 51]. The court also announced that even if it miscalculated the advisory guideline range, it would impose the same sentence as an alternative variant sentence. See Sent. Tr. at 21. On December 23, 2019, Reid appealed. See [D.E. 53]. On February 14, 2020, the United States Court of Appeals for the Fourth Circuit granted Reid's motion to voluntarily dismiss the appeal. See [D.E. 63].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

2

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), cert. denied, No. 21-5624, 2021 WL 4733616 (U.S.

---

    (B)   Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C)   Family Circumstances.—

        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D)   Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Oct. 12, 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

In his motion for compassionate release, Reid contended he exhausted his administrative remedies before filing the motion. See [D.E. 69] 1. Reid filed a request for compassionate release with the warden which was denied. See [D.E. 69-3]. Reid also claims to have appealed the denial to the regional director but does not have a copy of that record. See [D.E. 69] 1; [D.E. 69-3] 2. Regardless, the government has not invoked section 3582's exhaustion requirement. Cf. United States v. Muhammad, No. 20-7520, 2021 WL 4888393, at *3 (4th Cir. Oct. 20, 2021). Accordingly, the court addresses Reid's motion on the merits.

Reid seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Reid cites the COVID-19 pandemic, the spread of COVID-19 within the Bureau of Prisons ("BOP"), his "severe asthma[,]" his release plan, and his rehabilitation efforts. See [D.E. 65] 1–2; [D.E. 69] 2–4, 9, 18.

5

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Reid argues that his asthma places him at heightened risk of serious infection from COVID-19. See [D.E. 69] 1–2, 9.[2] Reid cites a medical study about the increased risk of severe COVID-19 in those with preexisting respiratory diseases and other data about the difficulty of controlling COVID-19 spread in prison. See id. at 2. Reid, however, refused the COVID-19 vaccine. See [D.E. 205] 5; [D.E. 205-1] 61; cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred."); see also United States v. Baeza-Vargas, No. No. CR-10-00448-010-PHX-JAT, 2021 WL 1250349, at *2–4 (D. Ariz. Apr. 5, 2021) (collecting cases showing the "growing consensus" of district courts that "have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances"). Reid has provided no medical or other reason why he cannot receive the COVID-19 vaccine. Moreover, beyond generalized arguments about the spread of COVID-19 within the federal facility at FCI Hazleton, Reid does not argue he is unable to manage his asthma while incarcerated or that the BOP is not treating his asthma. Arguments based on generalizations about the spread of COVID-19 in prison have considerably less

---

[2] Reid denied having any respiratory illness in his initial medical screening on January 6, 2020, and again denied having a history of any respiratory ailment in his History and Physical dated January 8, 2020. See [73] 21. Reid also did not indicate any history of asthma until April 21, 2020 after the Attorney General's issued his COVID-19 memos to the Bureau of Prisons ("BOP"). See id. Reid now claims to have asthma that requires daily inhaler use. See [D.E. 69] 1, 9. The court assumes without deciding that Reid has asthma and considers his arguments.

6

force given the current conditions at FCI Hazelton and BOP's extensive efforts to control and contain COVID-19. See Bureau of Prisons, BOP's COVID-19 Response, https://www.bop.gov/coronavirus /overview.jsp#bop_covid-19_response (last visited Nov. 15, 2021).[3] Accordingly, reducing Reid's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Reid's asthma, his rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). At the same time, the wide availability of COVID-19 vaccines greatly diminishes the risk to Reid from COVID-19. Cf. Broadfield, 5 F.4th at 803; Baeza-Vargas, 2021 WL 1250349, at *2–4. Regardless, the section 3553(a) factors counsel against reducing Reid's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Reid is 29 years old and is incarcerated for possession with intent to distribute a quantity of cocaine and marijuana and possession of a firearm by a felon. See PSR [D.E. 41] ¶¶ 1–2, 4. Reid possessed cocaine, marijuana, and multiple firearms while on probation for a state court drug distribution conviction. See id. ¶¶ 7, 12, 20, 50. One of the firearms that Reid possessed was

---

[3] As of November 16, 2021, FCI Hazelton has reported one current inmate confirmed test positive, 130 inmate recoveries, and one inmate death. See https://www.bop.gov/coronavirus (last visited Nov. 16, 2021).

7

reported stolen. See id. ¶¶ 12, 51. Reid also obstructed justice by asking his wife to dispose of ammunition and other incriminating evidence after his arrest. See id. ¶¶ 12, 55. Reid's firearms and drugs were found in the home with his minor child. See id. at ¶ 7. Reid has made some rehabilitative efforts while incarcerated including completing a drug treatment program and taking educational courses. See [D.E. 69] 19.[4]

The court must balance the positive steps Reid has taken with the seriousness of his criminal conduct. The court has considered Reid's exposure to COVID-19, his asthma, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also recognizes that Reid has a supportive wife and friends and tentative plans for employment upon release. See [D.E. 65] 2; [D.E. 17, 20]; [D.E. 69-5]. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the availability of the vaccine, the section 3553(a) factors, Reid's arguments, and the government's persuasive response, the court finds that reducing Reid's sentence to less than a quarter of his original sentence would minimize the scope of his criminal activity, fail to promote respect for the law, fail to deter criminal conduct, fail to protect society, and fail to incapacitate Reid. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished). Therefore, the court declines to grant Reid's motion for compassionate release.

---

[4] The court acknowledges that opportunities for some educational courses have been interrupted due to COVID-19.

8

As for Reid's request for home confinement, see [D.E. 69] 17, 20, Reid seeks relief under the CARES Act. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1–2 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). To the extent Reid requests that the court merely recommend home confinement to the BOP, the court declines. Thus, the court dismisses Reid's request for home confinement.

II.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 65] and DISMISSES defendant's request for home confinement.

SO ORDERED. This 16 day of November, 2021.

JAMES C. DEVER III
United States District Judge

9

Case 5:19-cr-00091-D   Document 78   Filed 11/16/21   Page 9 of 9